UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ROBERT W. CLARK, Jr.,<br>　　Plaintiff,<br><br>v.<br><br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC.,<br>and<br>BAYVIEW LOAN SERVICING, LLC,<br>　　Defendants. | CIVIL ACTION<br>NO. 1:12-cv-00802-M-LDA |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS**

Defendants[1] move to dismiss plaintiff's Complaint for Declaratory Judgment and Injunctive Relief ("Complaint"). Fed. R. Civ. P. 12(b). This memorandum, the Affidavit and attached exhibits are filed in support of defendants' motion.

**I.　　Facts**

On February 23, 2004, plaintiff executed a Mortgage for the property located at 254-256 Old Forge Road, Warwick, Rhode Island ("Property"). (Complaint, Paragraph 7). The Mortgage identified MERS as the mortgagee acting solely as the nominee for Lender, Equity One, Inc. d/b/a Equity One Mortgage Company ("Equity One"), and Equity One's successors and assigns. (Mortgage, Page 1, (Exhibit 1)).

　　The Mortgage expressly provides:

> "Borrower does hereby mortgage, grant and convey to MERS, (solely as nominee for [Equity One] and [Equity One's] successor and assigns) and to the successors and assigns of MERS, with Mortgage Covenants upon the Statutory Condition and with the Statutory Power of Sale, the [Property]." (Mortgage, Page 3)

---

[1] Mortgage Electronic Registration Systems, Inc. ("MERS") and Bayview Loan Servicing, LLC ("Bayview"), (collectively "defendants").

The Mortgage further provides:

> "Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for [Equity One] and [Equity One's] successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of [Equity One]." (Mortgage, Page 3).

The Mortgage was recorded on February 24, 2004. On April 19, 2012, MERS, as nominee for Equity One, assigned the Mortgage to Bayview. The Assignment (Exhibit 2) was recorded on May 14, 2012. Bayview was the assignee of MERS and therefore had the right to exercise the statutory power of sale to foreclose and sell the Property.

The property is not foreclosed.[2] The Complaint is not clear, but lists three Counts against the defendants. The general thrust of the allegations asserted is that the Assignment to Bayview is defective and that MERS, and consequently Bayview, are not entitled to foreclose on the Property.

## II.     Standard of Review

It is well-settled that to survive a motion to dismiss under Rule 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The Court must accept a plaintiff's allegations as true and construe them in the light most favorable to the plaintiff, see *Gargano v. Liberty Int'l Underwriters, Inc.*, 572 F.3d 45, 48 (1st Cir.2009). However, the Court need not credit bald assertions or unverifiable conclusions. The Court takes "the complaint's well-pled (i.e., nonconclusory, non-speculative)

---

[2] Since no foreclosure sale has taken place, any allegation or claim regarding purported inadequacy of compliance with the procedures leading to such a sale is premature.

facts as true, drawing all reasonable inferences in the pleader's favor and see if they plausibly narrate a claim for relief." *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir.2012) (internal citations omitted). "If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." *SEC v. Tambone*, 550 U.S. 544, 562-563 (2007) (*citing, Twombly*, 550 U.S. at 555). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). As stated in *Twombly*, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555.

Matters outside the pleadings may be presented to and considered by the Court in ruling upon a Rule 12 motion to dismiss. See *Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir.2001) ("documents the authenticity of which are not disputed by the parties," "official public records," "documents central to plaintiffs' claim," or "documents sufficiently referred to in the complaint" may be considered in connection with a motion to dismiss without converting such motion into a summary judgment motion). See also, *Watterson v. Page,* 987 F.2d 1, 3-4 (1st Cir.1993). "When the complaint relies upon a document, whose authenticity is not challenged, such a document "merges into the pleadings" and the court may properly consider it under a Rule 12(b)(6) motion to dismiss." *Alt. Energy, Inc., supra.*

### III. <u>Argument</u>

Plaintiff's Complaint does not plausibly state a claim for declaratory or injunctive relief. The facts alleged in plaintiff's Complaint do not allow for a reasonable inference that the Assignment from MERS into Bayview is defective and that MERS, and consequently Bayview, are not entitled to foreclose. Defendants argue that plaintiff has no standing to challenge the

validity of the Assignment and the right to foreclose upon plaintiff's default.  As each Count of the Complaint therefore lacks merit, all Counts of the Complaint must be dismissed.

### A. **Plaintiff Lacks Standing to Challenge the Validity of the Assignment**[3]

Plaintiff is not a party to the Assignment and thus has no standing to challenge its validity.  "[A]n assignment generally requires neither the knowledge nor the assent of the obligor, … because an assignment cannot change the obligor's performance."  6 Am.Jur. 2d Assignments § 2; see *Brough v. Foley*, 525 A.2d 919, 921 (R.I.1987) (holding the "sole right that plaintiffs had in respect to the subject real estate is set forth in the sales agreement that they entered into with [the executor]…  This agreement gave no right to plaintiffs to second-guess the validity of the right of first refusal, nor did it give plaintiffs the right to supervise or pass upon the effectiveness of the assignment to [the assignor]'s nominee, or the nominee's exercise of that assignment."); *Id*. at 922 ("The plaintiffs were, in substance, strangers to those transactions and were given no rights under the contract to challenge the transactions.")  See also, *Fryzel v. Mortgage Electronic Registration Systems*, 2011 WL 9210454 (Report and Recommendation) (D.R.I.) (holding that property owner lacked standing to challenge assignment of his mortgage to a subsequent entity); *Liviona Prop. Holdings, LLC v. 12840 Farmington Rd. Holdings LLC*, 717 F.Supp.2d 724 (E.D. Mich. 2010) (holding that property owner lacked standing to challenge assignment of his mortgage to a subsequent entity).[4]

In addressing plaintiff's declaratory judgment claim here, this Court must first determine whether a party has standing to sue.  *Bowen v. Mollis*, 945 A.2d 314, 317 (2008).  A

---

[3] Diversity jurisdiction is the basis for the Court's jurisdiction in this matter.  As such, plaintiff's claims are governed by Rhode Island law.  *Miree v. DeKalb County, Georgia*, 433 U.S. 25, 28 (1977); see also *Barton v. Clancy*, 632 F.3d 9, 17 (1st Cir.2011) ("A federal court sitting in diversity … must apply state substantive law.").

[4] Plaintiff correctly makes no attempt to claim that he is a third-party beneficiary of the Assignment.  Where one party, for valuable consideration, engages another by contract to do some act for the benefit of a third party, it is the third party, who would enjoy the benefits, that may maintain an action for breach of contract.  *Davis v. New England Pest Control Co.,* 576 A.2d 1240, 1242.

determination of standing is focused on the party seeking to prosecute a claim and not on the issues he brings before the Court. *McKenna v. Williams*, 874 A.2d 217, 225 (R.I.2005). "Thus, when standing is at issue, the focal point shifts to the claimant, not the claim, and a court must determine whether the plaintiff, whose standing is challenged, is a proper party to request an adjudication of a particular issue and not whether the issue itself is justiciable. *Id*.

In the present case, plaintiff alleges that the Assignment is not valid and that defendants are not entitled to foreclose under the terms of the Mortgage. However, it is an undisputed fact that the plaintiff is <u>not</u> a party to the Assignment. Plaintiff is not provided with any legal right and did not incur any obligation under the assignment. Therefore, based on the applicable law, plaintiff has no standing to assert legal rights under the Assignment and plaintiff's claims challenging the validity of the Assignment must be dismissed.

Notwithstanding this argument, plaintiff's challenges as to the validity of the Assignment are defeated upon examination of the Assignment. For example, plaintiff alleges that the Assignment is fatally flawed because it was not assigned by the mortgagee, yet examination of the Assignment clearly shows that MERS, the mortgagee identified in the Mortgage, was the Assignor. MERS' role in the lending industry has been carefully analyzed by courts around the country, including the Supreme Court of Rhode Island.[5] These cases have found that actions by MERS, similar to its actions here, are valid and permitted.

---

[5] "In 1993, several major participants in the lending community collaborated to form a national electronic registration system that would track the transfer of ownership interests in residential loans (the MERS ® System). *MERSCORP, Inc. v. Romaine*, 8 N.Y.2d 90, 828, N.Y.S.2d 266, 861 N.E.2d 81, 83 (N.Y. 2006)." *Bucci v. Lehman Brothers Bank*, 2013 WL 1498655 (R.I.) at 1.

"In order to take advantage of the MERS ® System, lenders and other entities must become members of MERSCORP, Inc. (MERSCORP), the corporation that owns the system, MERSCORP is also the parent company of defendant MERS. [*Mortgage Electronic Registration Systems, Inc. v. Bellistri*, 2010 WL 2720802, at 7.] In a typical MERS transaction, when a loan is made by a member of MERSCORP, the member will be designated as the lender in the promissory note, and MERS will be named in the mortgage as the mortgagee, acting as nominee for the lender and the lender's successors or assigns. [*Jackson v. Mortgage Electronic Registration Systems, Inc.*, 770 N.W.2d 487, 490 (Minn.2009). Whenever a note is sold, assigned, or otherwise transferred to another MERSCORP member, MERS remains as the mortgagee of record. As a result, there is no need to record an assignment of the

The Assignment into Bayview is proper. Plaintiff's allegations regarding the validity of the Assignment lack merit and fail to state a claim to relief that is plausible on its face. As plaintiff's challenge to the validity of the Assignment relates to plaintiff's claims against the defendants, plaintiff's Complaint should be dismissed.

### B. The Defendants are Entitled to Foreclose on the Property

Though Bayview is the entity that foreclosed on the Property, plaintiff alleges that MERS is not entitled to foreclose. Plaintiff's allegations fail when analyzed against the provisions of the Mortgage, R.I. Gen. Laws § 34-11-22 and the decision of the Rhode Island Supreme Court in, *Bucci v. Lehman Brothers Bank*, FSB, 2013 WL 1498655 (R.I. April 12, 2013). Plaintiff granted MERS the Statutory Power of Sale and right to foreclose through the Mortgage. See *Bucci*. The Mortgage provides that "MERS (as nominee for [Equity One] and [Equity One's] assigns) has the right to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property…"

Plaintiff further argues that Bayview has no standing to foreclose on the Property. Plaintiff is not correct. As shown above, the Assignment into Bayview was valid. Bayview, as the Assignee, is entitled to foreclose on the property. R.I. Gen. Laws § 34-11-22 provides that in the event of a default, it is lawful for the mortgagee or its assigns "to sell, together or in parcels, all and singular the premises hereby granted or intended to be granted, or any part or parts thereof, and the benefit and equity of redemption of the mortgagor and his, her or its heirs, executors, administrators, successors and assigns therein, at public auction upon the premises, or at such other place, if any, as may be designated for that purpose in this deed.." Accordingly, Bayview, following the Assignment, is entitled to foreclose on the property.

---

mortgage in the land evidence records. *Id.* It is only when a loan is transferred to a nonmember that an assignment of the mortgage must be executed and recorded. Id. at 491." *Bucci v. Lehman Brothers Bank*, 2013 WL 1498655 (R.I.) at 2.

{00320960.DOCX} 6

### C. Plaintiff's Allegation that the Note is Current or Has Been Satisfied by Another Third Party is a Bald Assertion and Should Not be Considered by the Court.

In paragraph 51 of the Complaint, plaintiff alleges that the note is current or has been satisfied by another third party. This is a bald assertion with no supporting allegations regarding any alleged payments. This boiler-plate allegation[6] should not be considered by this Court. Plaintiff filed suit on November 7, 2012. Plaintiff's case was added to the Special Master's docket as part of *In re Mortgage Foreclosure Cases*, 1:11-mc-00088-M-LDA. In accordance with orders of the Special Master, of which defendants ask this Court to take judicial notice, plaintiffs must make monthly use and occupancy payments for the properties that are the subject of litigation or face possible dismissal of their claims. The Special Master calculates the use and occupancy payment at approximately half of the amount of the mortgage payment with a small amount added for interest. (*In re Mortgage Foreclosure Cases*, 1:11-mc-00088-M-LDA, ECF 824).

Plaintiff filed a response with the Special Master to defendants' request to have this case removed from the Special Master's docket due to the status of the subject property as "commercial."[7] In that response, plaintiff argued that his due process rights would be "thwarted if the Special Master decide[d] that 'making this mortgage' performing again was not part of the Judge's Order." This language demonstrates that plaintiff's allegation that the note is current or satisfied is not plausible. Assessing plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense" to determine whether the well-pled facts alleged in the complaint are sufficient to "permit the court to infer more than the

---

[6] This allegation has been raised by plaintiff's counsel in each of seven other cases in which counsel for Bayview is defending and, in each case, plaintiff(s) defaulted under their mortgages: 1:11-cv-00455-M-LDA; 1:12-cv-00464-M-LDA; 1:12-cv-00642-M-LDA;1:12-cv-00784-M-LDA; 1:13-cv-00069-M-LDA; 1:13-cv-00241-M-LDA; and 1:13-cv-00256-M-LDA.

[7] Plaintiff's response is filed with the Office of the Special Master and a copy is filed herewith as Exhibit 3.

mere possibility of misconduct." *Iqbal*, 129 S.Ct. at 1950.  The very fact that the case was on the Special Master's docket and that plaintiff's was making use and occupancy payments is a clear demonstration that plaintiff's boilerplate allegation regarding the status of the status of the note is not correct.

## IV.     Conclusion

For the reasons provided above, plaintiff's Complaint fails to state a claim against the defendants and should be dismissed.  Plaintiff's allegations lack merit and do not state a plausible claim for relief.  Plaintiff has not demonstrated that he is entitled to the relief sought. Defendants therefore request that the Court dismiss plaintiff's Complaint.

Respectfully submitted,

Dated: June 14, 2013

　/s/ Paul Michienzie　　　　　　　
Paul Michienzie (pro hac vice)
Michienzie & Sawin LLC
745 Boylston Street, 5th Floor
Boston, Massachusetts 02116
Tel: 617-227-5660
Fax: 617-227-5882
pm@masatlaw.com

Counsel for Defendants,
Bayview Loan Servicing, LLC and
Mortgage Electronic Registration
Systems, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 14, 2013.

　/s/ Paul Michienzie