UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ROBERT W. CLARK, JR.,<br><br>       Plaintiff,<br> v.<br><br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC. et al.,<br><br>       Defendants. | Civil Action No. 1:12-cv-00802-M-LDA |

## AMICUS BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Plaintiff Robert Clark asserts that *Chhun v. MERS*, 2014 WL 358934 (R.I. Feb. 3, 2014), endorses his allegation challenging execution of an assignment of the mortgage securing repayment of his loan. That is incorrect. In *Chhun*, the Rhode Island Supreme Court held that a borrower who alleged that an assignment was not validly executed stated a cognizable claim for relief. However, the parties in *Chhun* did not brief, and the Court did not address, three issues of Rhode Island law that require dismissal:

- the Assignment is presumptively valid under Rhode Island law because it was notarized, and the Complaint alleges no facts to overcome that presumption;

- even if not validly executed, the Assignment is not void but only voidable at the election of the parties – and neither party to the document wishes to void it; and

- even if not validly executed, the Assignment was ratified after its execution by the only parties to the document, who, after this lawsuit was filed, did not disavow foreclosure proceedings, but instead are defending their validity.

In fact, just one week ago, the First Circuit affirmed dismissal of a nearly identical challenge to execution of a MERS assignment, holding (1) that the assignment was at most voidable, not void; and (2) that assignment was subject to ratification by the parties to the assignment. *Wilson v. HSBC Mortgage Servs., Inc.*, 2014 WL 563457, at *6-10 (1st Cir. Feb. 14, 2014) (attached hereto as Exhibit A). The same is true here.

**I.      The Assignment Was Notarized, Is Presumed Valid Under Rhode Island Law, And Plaintiff Has Not Rebutted The Presumption.**

The first issue not addressed in *Chhun* that rejects Plaintiff's claim that the Assignment was not validly executed, which the First Circuit applied in *Wilson*, is that the Assignment is presumed valid under Rhode Island law because it was notarized, and the Complaint alleges no facts overcoming that presumption.

The signature on the Assignment Plaintiff challenges was acknowledged by a notary public.  Ex. 2 to Mem. In Supp. Of Mot. To Dismiss.  As a result, the Assignment is *presumed valid* under Rhode Island law:

> Where an instrument of a private corporation appears in the chain of title, and the instrument is executed and acknowledged in proper form, it may be assumed that the persons executing the instrument were the officers they purported to be, and that such officers were authorized to execute the instrument on behalf of the corporation.

Rhode Island Title Standard No. 5.3 (*see* Defendants' Reply Memorandum In Support Of Their Motion To Dismiss Plaintiff's Complaint at 16 n.15 (Jan. 21, 2014) (ECF No. 38)).[1]  *See Hoecke*, 2013 WL 1088825, at *4 (where "the assignment of the Mortgage interest was executed by an individual who represented to a Notary Public that she was an employee of MERS and that she was authorized to execute the assignment on behalf of MERS," the assignment conforms to the statutory form of assignments set forth in § 34-11-12); *Cafua v. MERS*, 2012 WL 2377404 (R.I. Super. Ct. June 20, 2012) ("[A]s a matter of [Rhode Island] law, the assignment is presumptively valid"); *Dolan v. Hughes*, 40 A. 344, 344 (R.I. 1898) ("The presumption of law is in favor of the validity of the assignment and of the good faith of the transactions thereunder, and they must be proved to have been fraudulently made before the court can decide against them.").  *See also*

---

[1]      Title Standard No. 5.3 is "persuasive" authority in Rhode Island courts.  *Southwick v. MERS*, 2013 R.I. Super. LEXIS 61, at *11 n.4 (R.I. Super. Ct. Apr. 5, 2013).

*Rosa v. MERS*, 821 F. Supp. 2d 423, 430 (D. Mass. 2011) (dismissing foreclosure challenge; assignment valid "if the signatory purported to be an officer of the entity holding title to the mortgage and the assignment was executed before a notary public").

The Complaint does not allege any facts rebutting the presumption that the Assignment was validly executed. Thus, no claim is stated under Rhode Island law.

In the recent *Wilson* opinion, the First Circuit rejected an argument "that the 2009 Assignment is 'fraudulent' and thus, void, because it was 'robo-signed.'" 2014 WL 563457, at *10. It held that "the bare allegation of 'robo-signing' does nothing to undermine the validity of the 2009 Assignment." *Id.*[2] Other federal courts have held that such conclusory allegations fail to state a claim under Rule 12(b)(6) standards:

- *In re Marks,* 2012 WL 6554705, at *9 (9th Cir. B.A.P. 2012): "[D]isparaging terms and unsupported allegations about what might have occurred with respect to the Assignment fail to establish any claim that it is void or that fraud has been perpetrated."

- *Kebasso v. BAC Home Loans Servicing, LP*, 813 F. Supp. 2d 1104, 1110-11 (D. Minn. 2011): "[T]he court is not required to accept the 'mere conclusory statements'" that person is not authorized to execute assignment.

- *Peterson v. GMAC Mortg., LLC*, 2011 WL 5075613, at *5 (D. Mass. Oct. 25, 2011): "The bare speculative and conclusory [challenge to MERS corporate officer's execution of assignment] is not entitled to any weight by the court."

- *Rivac v. Ndex West LLC*, 2013 WL 6662762, at *6 (N.D. Cal. Dec. 17, 2013): "[P]laintiffs have not pled a single fact to support their conclusory allegations that the documents at issue were [executed improperly.] … Thus the allegations… cannot support any of plaintiffs' causes of action."

- *Patel v. Mortg. Elec. Registration Sys., Inc.*, 2013 WL 4029277, at *4 (N.D. Cal. Aug. 6, 2013): "[Assignment-executing] allegations must meet a heightened pleading standard because they are based in fraud."

---

[2] *Wilson* considered the presumptive validity of the assignment under Mass. Gen. L. § 54B. The same presumption applies in Rhode Island. Rhode Island Title Standard No. 5.3; *Southwick*, 2013 R.I. Super. LEXIS 61, at *11 n.4; *Hoecke*, 2013 WL 1088825, at *4.

- *Huff v. Fed. Nat'l Morg. Ass'n*, 2013 WL 5639486, at *3 (E.D. Mich. Oct. 15, 2013): "Plaintiff's blanket statement that 'upon information and belief,' he was the victim of mortgage fraud and [an improperly executed assignment] … does not satisfy pleading requirements."

- *Maheu v. Bank of America, N.A.*, 2012 WL 1744536, at *6 (D. Md. May 14, 2012): Mere general assertion that assignment was executed improperly "woefully failed to state a claim."

The cases rejecting vague challenges to execution of assignments are legion. We have as set forth additional examples in the margin.[3]

The parties in *Chhun* did not address the notarization issue in their briefs (Exhibit B hereto), and the Court never discussed it in its decision. Under Rhode Island law, notarization of the Assignment forecloses Plaintiff's allegation that it was not properly executed.

---

[3]   *In re MERS Litig.,* 2011 WL 4550189, at *5 (D. Ariz. Oct. 3, 2011) (vague robo-signing allegations as to MERS assignments "legal conclusions . . . not supported by sufficient factual pleading"); *Orzoff v. Bank of America, N.A.*, 2011 WL 1539897, at *2 (D. Nev. Apr. 22, 2011) (rejecting generic allegations of robo-signing); *Cornia v. Countrywide Home Loans, Inc.*, 2013 WL 5651563, at *2 (D. Utah Oct. 16, 2013) ("[T]he court cannot decipher any cognizable legal claim based on 'robosigning.'"); *Mitchell v. Suntrust Asset Funding, LLC*, No. 12-127-M-DLC, Slip Op. at 6 (D. Mont. May 7, 2013) (rejecting "Plaintiffs' conclusory allegations of 'robo-signing' and challenges to MERS's authority as nominee to assign a mortgage on behalf of a lender"); *Elliott v. Mortg. Elec. Registration Sys., Inc.*, 2013 WL 1820904, at *2 (N.D. Cal. Apr. 30, 2013) ("[T]here does not appear to be anything about 'robo-signing' the notice of default or the notice of substitution that makes them invalid or ineffective"); *Drane v. Bank of America, N.A.*, Slip Op. at 12-13 (N.D. Ga. Dec. 26, 2012) (Report and Recommendation) (dismissing robo-signing allegations for failure to state a claim; "unsupported, conclusory allegations"); *Nottage v. Bank of N.Y. Mellon*, 2012 WL 5305506, at *6 (D. Haw. Oct. 25, 2012) (Plaintiff's "conclusory assertions of 'robo-signing' fail to state a plausible claim"); *Homeyer v. Bank of America, N.A.*, 2012 WL 4105132, at *8 (D. Idaho Aug. 27, 2012) (Report and Recommendation) (fraud claim failed for lack of particularity where only a "general claim of 'robo-signing'" was made), *adopted*, 2012 WL 4105123 (D. Idaho Sept. 17, 2012); *Butler v. Deutsche Bank Trust Co. Americas*, 2012 WL 3518560, at *9 (D. Mass. Aug. 14, 2012) (plaintiff "fails to explain how the facts alleged are sufficient to demonstrate that any particular requirement necessary for a valid assignment has not been satisfied").

**II.    As *Wilson* Recognized, A Defective Signature Would Only Render The Assignment *Voidable*, And Defendants Have Not Voided It.**

Plaintiff's allegations also lack merit for a second reason that was not raised or decided in *Chhun*, but which the First Circuit recognized in *Wilson*. Even if it were not properly executed, the Assignment is not void but merely *voidable* under Rhode Island law, and the parties to the Assignment have not voided the document.

The law treats **void** and **voidable** contracts differently. A **void** contract is unenforceable by law, and so wholly ineffective regardless of the parties' intentions or actions. Restatement (2nd) of Contracts § 7, cmt. a (a void contract is "[a] promise for breach of which the law neither gives a remedy nor otherwise recognizes a duty of performance by the promisor").[4] Void contracts are rarities – such as when the contract is "plainly illegal" in violation of a statute or regulation,[5] or "a contract to commit a crime."[6] But "courts are reluctant to restrict the freedom of citizens to make their own agreements; declaring a contract void and unenforceable is a power the courts therefore exercise sparingly." *Williston on Contracts (Fourth)* §1:20.

By contrast, "[a] **voidable** contract is one under which a party, usually a victim of some wrong by another party, may elect to avoid any legal obligations." *Id.* (emphasis added); *see also* 6A C.J.S. § 58 (the "injured party" may opt to escape a voidable contract). Unless the injured party chooses to avoid the contract, it is valid. Restatement (2nd) of Contracts § 7, cmt. 3 ("[t]he propriety of calling a transaction a voidable contract rests primarily on the traditional

---

[4]    *Yannuzzi v. Com., State Horse Racing Comm'n,* 390 A.2d 331, 332 (Pa. Cmmw. Ct. 1978) ("The term 'void' is properly applied to those contracts that are of no effect whatsoever, whereas a 'voidable' contract can be cured by the act or confirmation of one of the parties.") (citing Black's Law Dictionary 1745 (rev'd 4th ed. 1968)).

[5]    *Total Med. Mgmt., Inc. v. U.S.*, 104 F.3d 1314 (Fed. Cir. 1997).

[6]    *Simmons v. Columbus Venetian Stevens Buildings, Inc.*, 155 N.E.2d 372, 379 (Ill. App. Ct. 1958).

5

view that the transaction is valid and has its usual legal consequences until the power of avoidance is exercised"); 17A Am. Jur. 2d Contracts § 10 ("a voidable contract is valid and binding until it is avoided by the party who is entitled to avoid it").[7] Rhode Island law has long observed the difference between void and voidable contracts.[8]

Contracts entered into by an agent beyond his permissible scope of authority fall into the second category: they are voidable, not void, and the principal can choose to disavow the contract, or avow it and keep the benefits.[9]

The First Circuit addressed this issue in detail in *Wilson*:

> "Void" contracts or agreements are "those ... that are of no effect whatsoever; such as are a mere nullity, and incapable of confirmation or ratification." By contrast, "voidable" refers to a contract or agreement that is "injurious to the rights of one party, which he may avoid at his election." Thus, while the party injured by a voidable contract has the option of avoiding its obligations, it may choose instead to ratify the agreement and hold the other party to it.
>
> \*\*\*
>
> The Wilsons insist their Complaint alleges that the 2009 Assignment is void. The basis for this assertion is their claim that HSBC assigned their mortgage to itself

---

[7]   *Heider v. Unicume*, 20 P.2d 384, 386 (Or. 1933) ("[V]oidable contracts [are] valid until … avoided by the person entitled to avoid it.").

[8]   *Duncan Shaw Corp. v. Standard Machinery Co.*, 196 F.2d 147, 152, 154 (1st Cir. 1952) (under Rhode Island law contract executed on behalf of a corporation without proper procedural authority was not "an absolute nullity" but rather voidable at the parties' option); *Fleming v. Hanley*, 42 A. 520, 521 (R.I. 1899) ("[E]ven assuming that the alleged misrepresentations were proved, the contract was not thereby necessarily rendered void, but only voidable."); *Depasquale Bldg. & Realty Co. v. Rhode Island Bd. of Governors for Higher Educ.*, 2009 WL 3328533 (R.I. Super. Ct. June 29, 2009) (allegations of "fraud in the inducement [do] not negate the fact that the parties actually reached an agreement, and, therefore, would not have rendered the contract void as a matter of law, but merely voidable"). *Sabourin ex rel. Sabourin v. LBC, Inc.*, 731 F. Supp. 1151, 1155 (D.R.I. 1990) (where father executed agreement on behalf of son without proper authority, "such agreement is not entirely void, but is voidable only" and may be ratified); *Bowen v. Johnson*, 24 A. 830, 831 (R.I. 1892) (appeal bond executed in principal's name without his authority is voidable, not void, and may be ratified).

[9]   *Ockey v. Lehmer*, 189 P.3d 51, 58 (Utah 2008) ("[A]ctions that exceed the scope of agency are merely voidable, not void, and therefore capable of ratification by the principal.").

6

because Strauss executed it on behalf of HSBC, not MERS. They urge us to find this is so from the face of the 2009 Assignment itself. . . . [W]e conclude that the Wilsons' Complaint does not allege that the 2009 Assignment is void. We explain.

The reasoning behind the Wilsons' argument that the 2009 Assignment is void runs as follows: Strauss is an employee of HSBC; Strauss executed the 2009 Assignment; when Strauss executed the assignment, she did so as an employee of HSBC; therefore, MERS never assigned the mortgage to HSBC. . . .

. . . According to the Wilsons, "there is no indication that Ms. Straus[s] executed the assignment with purported authority from MERS." This statement is simply incorrect: the 2009 Assignment clearly identifies MERS as the assignor and HSBC as the assignee.

The 2009 Assignment's signature block . . . brooks no argument as to the identity and roles of the parties thereto. MERS is listed as the assignor and HSBC the assignee. To make matters even more clear, Shelene Strauss's signature and position of vice president appear in the signature block. Notably, her signature is found underneath printed text stating the assignment was being made "by" MERS. ***In sum, the four corners of the document show in no uncertain terms that Strauss executed it in her capacity as a vice president of MERS. The Wilsons' claim that this instrument was executed on behalf of HSBC is wholly without merit.***

2014 WL 563457, at *6-8 (emphasis added, citations omitted).

Thus, in *Wilson*, the panel reaffirmed that its prior decisions of *Culhane v. Aurora Loan Servs. of Neb.*, 708 F.3d 282, 289 (1st Cir. 2013) and *Woods v. Wells Fargo Bank, N.A.*, 733 F.3d 349, 353 (1st Cir. 2013), only allowed a homeowner to challenge foreclosure proceedings where an assignment of mortgage was "void at the outset," meaning the foreclosing entity "had never become the mortgage holder in the first place." 2014 WL 563457 at *7.[10] But because the borrowers had "not alleged any facts which, if proven, would lead to a finding that the 2009

---

[10]   *See also Woods v. Wells Fargo Bank, N.A.*, 733 F.3d 349, 354 (1st Cir. 2013) (affirming dismissal of "challenge [that] would 'render [the assignment] merely voidable'" because "claims that merely assert procedural infirmities in the assignment of a mortgage, such as failure to abide by the terms of a governing trust agreement, are barred for lack of standing. In contrast, standing exists for challenges that contend that the assigning party never possessed legal title") (citing *Culhane*, 708 F.3d at 291).

7

Assignment was void," but only facts that would show it was *voidable*, they lacked standing to challenge the assignment.  *Id.* at *10.

*Wilson* is not alone:  many other courts have made clear that challenges to execution of assignments are voidable, not void.  *Kiah v. Aurora Loan Servs., LLC*, 2011 WL 841282, at *6-7 (D. Mass. Mar. 4, 2011) (rejecting argument that assignment was "void" for the reason that "MERS' signing officer, Theodore Schultz, lacked signatory authority at the time of the assignment to Aurora"); *Felder v. Countrywide Home Loans,* 2013 WL 6805843, at *18 (S.D. Tex. Dec. 20, 2013) (even if challenge to "facially valid assignment … based on the signer's alleged lack of authority" were successful, it would merely "render the assignment, 'like any other unauthorized contract, [ ] not void, but merely voidable at the election of the defrauded principal'") (quoting *Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220, 226 (5th Cir. 2013)); *Halacy v. Wells Fargo Bank, N.A.,* 2013 WL 6152351, at *3 (D. Mass. Nov. 21, 2013) ("multiple federal courts, including in this District, have held that . . . an assignment of a mortgage into a trust in violation of the terms of the PSA is voidable, not void"); *Calef v. Citibank, N.A.*, 2013 WL 653951, at *4 n.4 (D.N.H. Feb. 21, 2013) (a borrower may not "challenge the transfer of a note on grounds that would merely render the transfer voidable (as opposed to void)") (citation omitted); *see also Culhane*, 708 F.3d at 291 (addressing inability of mortgagor "to challenge shortcomings" in an assignment's execution that leaves the assignment "otherwise effective to pass legal title").

This principle also dooms Plaintiff's claim.  An assignment is not a void document if it was not properly executed, but rather merely voidable by the party at risk of harm.  Here, the parties to Plaintiff's Assignment were MERS and Bayview Loan Servicing, LLC ("Bayview");

neither party has voided the Assignment but are instead both litigating this case to defend its validity. Plaintiff's challenge fails under Rhode Island law for this reason as well.

**III.    The Parties To The Assignment Ratified The Document.**

Plaintiff's argument also fails because the two parties to the Assignment ratified its terms despite the challenge to it Plaintiff asserts – another issue *Chhun* never addressed, and which *Wilson* again recognized.

Voidable contracts are "capable of ratification by the acts or silence of the beneficiary or beneficiaries." *Doherty v. Bartlett*, 81 F.2d 920, 926 (1st Cir. 1936). *See also American Airlines, Inc. v. Cardoza-Rodriguez,* 133 F.3d 111, 120 (1st Cir. 1998) ("A voidable contract can, of course, be ratified by subsequent conduct"); *Sabourin,* 731 F. Supp. at 1155 (voidable agreement "may be ratified" by subsequent conduct); *see also Pelletier v. Phoenix Mut. Life Ins. Co.*, 49 R.I. 135, 136 (R.I. 1938) (voidable release may be ratified). Subsequent ratification by conduct of an unauthorized voidable contract is "to all intents and purposes equivalent to an original authority." *Van Reimsdyk v. Kane*, 28 F. Cas. 1067, 1070 (D.R.I. 1813), *rev'd on other grounds*, 13 U.S. 153 (1815); *see Bowen*, 24 A. at 832 (where voidable contract is ratified by subsequent conduct, beneficiary is "estopped to deny that it was legally executed *at its date*, and valid and binding upon him *from the beginning*") (emphasis added).

*Wilson* recognized this principle as well, noting that a party to a voidable contract "may choose instead to ratify the agreement and hold the other party to it." 2014 WL 563457, at *6. Thus, "when a corporate officer acts beyond the scope of his authority, '[h]is acts in excess of his authority, although voidable by the corporation, legally could be ratified and adopted by it.'" *Id.* Courts across the country have likewise consistently rejected challenges to the execution of MERS assignments when they have been challenged. *See, e.g.*, *Yuille v. Am. Home Mortg.*

9

*Servs., Inc.*, 483 F. App'x 132, 135 (6th Cir. 2012) ("[A]ny defect in the written assignment of the mortgage would make no difference where both parties to the assignment ratified the assignment by their subsequent conduct in honoring its terms.").[11]

Here, MERS assigned the Mortgage to Bayview. Both are defendants in this case and have ratified the Assignment. Defendants' Memorandum in Support of Motion to Dismiss, at 8 & n.9. Plaintiff's challenge to execution of the Assignment is therefore meritless. *Wilson*, 2014 WL 563457, at *6; *Yuille*, 483 F. App'x at 135.

**IV.     State Courts Do Not Establish Precedent About Federal Pleading Standards.**

The Court in *Chhun* stated that it believed that the plaintiffs' allegation would survive under federal pleading standards (2014 WL 358934, at *2-3). A state court's interpretation of the federal pleading standard is not binding on federal courts, of course.[12] That is particularly

---

[11]     *See also Berry v. Main Street Bank*, 2013 WL 5651440, at *5 (E.D. Mich. Oct. 15, 2013) (same); *Feldman v. BAC Home Loans Servicing, LP*, 2013 WL 4516098, at *12 (Cal. Ct. App. Aug. 22, 2013) ("At a minimum, appellant's allegations, together with the judicially-noticed foreclosure documents, showed that MERS conferred authority on the signer (or approved the SOT) by ratifying both the signer's act of signing Sevillano's name and the substitution of trustees after the fact."); *Livonia Property Holdings, L.L.C. v. 12840-12976 Farmington Road Holdings, L.L.C.*, 717 F. Supp. 2d 724, 738 (E.D. Mich. 2010) ("Ratification or adoption, including by complete performance by the parties, also would appear to 'cure' any alleged defects caused by persons executing the contracts without proper authority."), *aff'd*, 399 F. App'x 97 (6th Cir. 2010); *Vawter v. ReconTrust Co., N.A.*, 2012 WL 12784, at *3 (D. Ariz. Jan. 04, 2012) (party that "does not contest [signatory's] actions [] thereby ratifies them"); *BAC Home Loans Servicing, LP v. Fall Oaks Farm, LLC*, 2013 WL 210729, at *3 (S.D. Ohio Jan. 18, 2013) (assignment "was effectuated and ratified by subsequent conduct"); *Sigaran v. U.S. Bank N.A.*, 2013 WL 2368336, at *3 (S.D. Tex. May 29, 2013) (rejecting challenge to assignment; "trustee may bind the trust to an otherwise invalid act or agreement which is outside the scope of the trustee's power when the beneficiary or beneficiaries consent or ratify the trustee's ultra vires act or agreement") *Brown v. Bank of America, N.A.*, 2011 WL 2633150, at *1 (D. Nev. July 5, 2011) ("Plaintiff argues that the employees who signed various documents might not have had authority to do so"; "that Defendants desire to proceed with foreclosure is proof of ratification of these employees' actions.").

[12]     *See Pascoag Reservoir & Dam, LLC v. Rhode Island*, 217 F. Supp. 2d 206, 222-23 (D.R.I. 2002) ("[A] federal court is not bound by a state court's determination on an issue of federal law."), *aff'd*, 337 F.3d 87 (1st Cir. 2003); *Smithfield Concerned Citizens for Fair Zoning*

true in this case, where the state standard is more willing to accept unsupported allegations of fact regardless of their plausibility.[13]

This Court is instead bound by the standards articulated by the Supreme Court in *Twombly* and its progeny. Where, as here, (1) the Complaint alleges no facts to overcome the presumption that the attached notarized Assignment is valid; (2) the Assignment would at most be only voidable (not void), and Defendants have not voided it; and (3) Defendants have ratified the Assignment, federal courts have consistently found that no claim is stated under Rule 12(b)(6), as interpreted in *Twombly*, for each and all of these reasons. As in *Wilson*, the same is required here – another case governed by the Federal pleading standards.

And dismissal of unsupported claims like this one makes sense as a policy matter. Allowing claims like this one – when Plaintiff suggests no factual basis for alleging the signatory lacked authority – to go forward consumes scarce resources of the Court and the litigants. As the First Circuit has made clear, "[t]he plausibility standard is a screening mechanism designed to weed out cases that do not warrant either discovery or trial." *Atieh v. Riordan*, 727 F.3d 73, 76 (1st Cir. 2013). An unsupported allegation of "lack of authority" is exactly the sort of allegation that the federal pleading standards are designed to weed out – lest hundreds of claims like this one proceed to discovery on an issue on which Plaintiff has not provided any basis to believe that he can prevail. *Twombly* rejects Plaintiff's unsupported allegations.

---

*v. Town of Smithfield*, 719 F. Supp. 75, 80 (D.R.I. 1989) ("[a] state court has no power to bind a federal court with respect to questions of federal law"), *aff'd*, 907 F.2d 239 (1st Cir. 1990).

[13]   *Chhun*, 2014 WL 358934, at *3 (Rhode Island's pleading standard "more forgiving" than federal standard).

\*   \*   \*

For these reasons, BAC Home Loans Servicing, LP and Bank of America, N.A. respectfully submit that the Complaint fails to state a cognizable claim for relief under Rhode Island law that the Assignment of the mortgage securing repayment of Plaintiff's loan was not properly executed.

Respectfully submitted,

BAC HOME LOANS SERVICING LP AND BANK OF AMERICA, N.A.,

By their attorney,

/s/ Harris K. Weiner
Harris K. Weiner (# 3779)
Salter McGowan Sylvia & Leonard, Inc.
321 South Main Street, Suite 301
Providence, RI 02903
Office: 401-274-0300
Fax: 401-453-0073
hweiner@smsllaw.com

Dated: February 21, 2014

ACTIVE/71585883.8

## **CERTIFICATE OF SERVICE**

      I, Harris K. Weiner, hereby certify that on February 21, 2014, a copy of the foregoing document, filed through the CM/ECF system, will be sent electronically to counsel of record.

                                     /s/ Harris K. Weiner
                                     Harris K. Weiner